ORAL ARGUMENT HELD JANUARY 17, 2025

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

WEST VIRGINIA, et al.,

          Petitioners,

v.                                          No. 24-1009

U.S. ENVIRONMENTAL
PROTECTION AGENCY, et al.,

          Respondents.
_____

**UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE**

Respondents respectfully move for an order holding this case in abeyance while EPA conducts a rulemaking to reassess the challenged rule, with status reports due every 90 days.

    1.    Petitioners seek review of an EPA rule titled "Adoption and Submittal of State Plans for Designated Facilities: Implementing Regulations Under Clean Air Act Section 111(d)," 88 Fed. Reg. 80480 (Nov. 17, 2023).

    2.    Oral argument was held on January 17, 2025.

1

3. On March 13, 2025, the Court granted EPA's February 7, 2025 motion to hold this case in abeyance to allow new EPA leadership an opportunity to review the challenged rule.

4. Upon review, EPA has decided that it will initiate a new notice-and-comment rulemaking process to reassess the challenged rule. EPA announced that decision in a news release recently posted to EPA's website. https://perma.cc/B8C7-YE2B. EPA stated that its reassessment will include all parts of the rule challenged in this case: the regulations governing consideration of remaining useful life and other factors, state plan submission timelines, and the regulatory mechanisms for state plan processing. *See* Pet. Final Br. (Oct. 28, 2024), ECF No. 2082220. EPA intends to issue a Federal Register notice initiating public and comment on any proposed changes to the rule.

5. This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

6. Courts have long recognized that agencies may generally reassess and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given able latitude to adapt their rules and policies to . . . changing circumstances."); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations").

7. Abeyance would preserve resources of the Court. EPA's reassessment of the rule may obviate the need for judicial resolution of some or all the disputed issues. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71-71 (D.C. Cir. 2022) (courts "routinely stay

[their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

8. Petitioners consent to this motion. Intervenors take no position on this motion.

9. For these reasons, EPA respectfully requests that the Court issue an order holding this case in abeyance, with status reports due every 90 days.

>Respectfully submitted,
>
>ADAM R.F. GUSTAFSON
>Acting Assistant Attorney General
>
>_/s/ Tsuki Hoshijima_
>TSUKI HOSHIJIMA
>U.S. Department of Justice
>Environment and Natural Resources
>  Division
>Environmental Defense Section
>P.O. Box 7611
>Washington, D.C. 20044
>(202) 532-3285
>tsuki.hoshijima@usdoj.gov

**CERTIFICATE OF COMPLIANCE**

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2) because, excluding the parts of the document exempted by Rule 32(f), it contains 543 words. This document

complies with the typeface and type-style requirements of Rule 32(a)(5) and (6) because it was prepared in a proportionately spaced typeface using Microsoft Word in Century Schoolbook fourteen-point font.

<span style="text-align: right;">_/s/ Tsuki Hoshijima_</span>